IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LIPATRICK DECORTEZ ATKINSON                                                          PLAINTIFF

v.                                                                CIVIL ACTION NO.  3:12-cv-363-CWR-FKB

HINDS COUNTY                                                                              DEFENDANT

## MEMORANDUM OPINION

This cause comes before this Court, *sua sponte*. Plaintiff, an inmate of the Hinds County Detention Center, Raymond, Mississippi, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 on May 29, 2012. An Order to Show Cause [ECF No. 9] was entered on October 4, 2012, directing Plaintiff to file a response to the previously entered order [ECF No. 8] of September 4, 2012, granting him an extension of time. The Order [ECF No. 8] entered September 4, 2012, found that even though Plaintiff filed as his Response [ECF No. 7] an amended request to proceed *in forma pauperis* he failed to file the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court.

The Order to Show Cause [ECF No. 9] entered October 4, 2012, directed Plaintiff to file a response on or before October 26, 2012. Having reviewed the records, this Court finds that Plaintiff once again failed to comply with an order of this Court even though he was warned that failure to do so could result in the dismissal of the instant civil action. This Court then provided Plaintiff a final opportunity to comply with the Orders by entered a Second and Final Order to Show Cause [ECF No. 10] on November 13, 2012. Plaintiff was directed to comply with that Order [ECF No. 10] on or before December 19, 2012 and was warned that this was his final

opportunity to comply with the orders of this Court and his failure to do so would result in the dismissal of the instant civil action.  Plaintiff has not complied with that Order [ECF No. 10].

Plaintiff has not contacted this Court since August 10, 2012.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with Court Orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

Plaintiff has failed to comply with three Court Orders. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile.  *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005). Therefore, the Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal based on inmate's failure to comply with a court order).  Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, Ltd. v.  Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

THIS the 8th day of January, 2013.

                                               s/Carlton W. Reeves
                                               United States District Court Judge